IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PHILLIP GALLEGOS

     Plaintiff,

v.                                                              No. 1:14-cv-00441

STATE OF NEW MEXICO DEPARTMENT OF PUBLIC SAFETY;
STATE OF NEW MEXICO LAW ENFORCEMENT ACADEMY; and
GORDEN E. EDEN, Jr., (Former Cabinet Secretary, Department
of Public Safety), In his individual and official capacity; and
PATRICK MOONEY(Deputy Cabinet Secretary, Department of Public Safety),
in his individual and official capacity; and
LOUIS MEDINA (Director of New Mexico Law Enforcement Academy),
In his individual and official capacity; and
JACK JONES (Deputy Director of New Mexico Law Enforcement Academy),
In his individual and official capacity; and
MARK SHEA (Advanced Bureau Chief at New Mexico Law Enforcement Academy),
In his individual and official capacity; and
WILLIAM HUBBARD (Interim Director of New Mexico Law Enforcement Academy)

     Defendants.

## NOTICE OF REMOVAL TO FEDERAL COURT

COMES NOW Defendant State of New Mexico Department of Public Safety, and pursuant to 28 U.S.C. § 1446(a), gives Notice of Removal to this Court of the above captioned action pending in the First Judicial District for the State of New Mexico, Santa Fe County as Cause No. D-101-CV-2014-00835. In support thereof, Defendant states as follows:

1.     This action was commenced by the filing of Plaintiff's Complaint for Damages on April 6, 2014. Defendants State of New Mexico Department of Public Safety, State of New Mexico Law Enforcement Academy, Patrick Mooney, Jack Jones, Mark Shea and William Hubbard were served on April 14, 2014. Defendant Gorden Eden, Jr., was served on April 16,

2014.  Defendant Louis Medina has not been served as of the date of the filing of this Notice of Removal.

     2.     A true and correct copy of the pleadings, process and orders served on Defendant is attached hereto as **Exhibit A**.

     3.     Count 3 of Plaintiff's Complaint is titled "Deprivation of Constitutional Rights." Plaintiff alleges in Count 3 that his constitutional rights were violated when he was "repeatedly told that he could not discuss the above listed LEA issues with anyone outside of the New Mexico Department of Public Safety" and "prohibited from openly associating with Anthony Maxwell following his termination." *See* Exhibit A at Complaint for Damages, p. 11.

     4.     Plaintiff seeks monetary damages for the alleged deprivation of constitutional rights, including attorney fees. *Id.*

     5.     Plaintiff's Complaint for Damages also contains a statement that "[t]his action is brought pursuant to…the Constitution of the United State [*sic*]." *Id.* at 1.

     6.     Plaintiff's Complaint for Damages alleges claims or violations of rights arising under the Constitution and laws of the United States.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and this action is properly removable under 28 U.S.C. § 1441(a).  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

     7.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) as it is filed within thirty (30) days of service of Plaintiff's Complaint for Damages.

     8.     All Defendants have been contacted and consent to this removal.

     9.     The remaining process, pleadings and orders served upon the Defendant in this matter are attached hereto as **Exhibit A**, and consist of:

a.  Plaintiff's Complaint for Damages

b.  Summonses (9) issued to Gorden Eden, Jack Jones, Louis Medina, Mark Shea, New Mexico Department of Public Safety, New Mexico Law Enforcement Academy, Patrick Mooney, Risk Management Division, William Hubbard.

10.  A Civil Cover Sheet is attached as **Exhibit B**.

11.  Pursuant to 28 U.S.C. § 1446(d), Defendants are serving this Notice of Removal to counsel for Plaintiff and filing it with the Clerk of the First Judicial District Court, Santa Fe County, Santa Fe, New Mexico with a Notice of Filing of Notice of Removal.

Respectfully submitted,

MILLER STRATVERT P.A.

By  _/s/  Cody R. Rogers_
    Luke A. Salganek
    Cody R. Rogers
    **Attorneys for New Mexico Department of**
    **Public Safety**
    P.O. Box 1986
    Santa Fe, New Mexico  87504-1986
    (505) 989-9614
    (505) 989-9857 (fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of May, 2014, a true and correct copy of the foregoing was email and electronically filed through CM/ECF, thereby causing all parties of record to be served with a copy, as more fully reflected in the Notice of Electronic Filing ("NEF"):

**Attorney for Plaintiffs**
Joseph E. Campbell
3 George Court, Suite C2
Edgewood, New Mexico 87015


 /s/  Cody R. Rogers
Cody R. Rogers

\\abq-tamarack\prodata\006352-046454\pleadings\2463019.docx

4

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/6/2014 10:32:36 PM
STEPHEN T. PACHECO

jam

FIRST JUDICIAL DISTRICT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

PHILLIP GALLEGOS
      Plaintiff

v.                              No D-101-CV-2014-00835

STATE OF NEW MEXICO DEPARTMENT OF PUBLIC SAFETY; and
STATE OF NEW MEXICO LAW ENFORCEMENT ACADEMY; and
GORDEN E. EDEN, Jr. (Former Cabinet Secretary, Department of Public Safety),
in his individual and official capacity, and
PATRICK MOONEY (Deputy Cabinet Secretary, Department of Public Safety),
in his individual and official capacity, and
LOUIS MEDINA (Director of New Mexico Law Enforcement Academy),
in his individual and official capacity, and
JACK JONES (Deputy Director of New Mexico Law Enforcement Academy),
in his individual and official capacity, and
MARK SHEA (Advanced Bureau Chief at New Mexico Law Enforcement Academy),
in his individual and official capacity, and,
WILLIAM HUBBARD (Interim Director of New Mexico Law Enforcement Academy).
      Defendants.

## COMPLAINT FOR DAMAGES

### I.    JURISDICTION

1.    COMES NOW Plaintiff, by and through his attorney, Joseph E. CampBell, and brings this Complaint For Damages and injuries caused by the Defendants' negligent and tortious conduct. This action is brought pursuant to §41-4-1, et seq, NMSA 1978, Notice of Claims; and §10-16C-1 et seq. NMSA 1978, Whistleblower Protection Act; the Constitution of the United State; the New Mexico Constitution; and the laws of the State of New Mexico.

1
"EXHIBIT A"

## II.   PARTIES

2.      Plaintiff, Phillip Gallegos (hereafter Gallegos) is an adult individual residing in Rio Arriba County, New Mexico.  At all times relevant to this action Plaintiff Phillip Gallegos was employed by Defendant, State of New Mexico Law Enforcement Academy.

3.      Defendant, State of New Mexico Department of Public Safety (hereafter NMDPS) is a governmental law enforcement entity within New Mexico and maintains offices at 4491 Cerrillos Rd., Santa Fe, NM 87507.  At all times relevant to this action Defendant, State of New Mexico Department of Public Safety operated the State of New Mexico Law Enforcement Academy.  At all times material to this action the New Mexico Department of Public Safety employed Defendant Gorden E. Eden, Jr. and Patrick Mooney.

4.      Defendant, State of New Mexico Law Enforcement Academy (hereafter NMLEA) is a governmental law enforcement entity located in Santa Fe County, New Mexico and maintains offices at 4491 Cerrillos Rd., Santa Fe, NM 87507.  At all times relevant to this action Defendant, State of New Mexico Department of Public Safety operated the State of New Mexico Law Enforcement Academy.   At all time material to this action the New Mexico Law Enforcement Academy employed Plaintiff Phillip Gallegos and Defendants William Hubbard, Louis Medina and Jack Jones.

5.      Defendant, Gorden E. Eden, Jr. (hereafter Eden) at all times material to this action was the Cabinet Secretary of the New Mexico Department of Public Safety.

6.      Defendant, Patrick Mooney (hereafter Mooney) at all times material to this action was the Cabinet Deputy Secretary of the New Mexico Department of Public Safety.

2

7.     Defendant, Louis Medina (hereafter Medina) at all times material to this action was the Director of the New Mexico Law Enforcement Academy. At all times material to this action Louis Medina was the direct supervisor of Defendant Jack Jones.

8.     Defendant, Jack Jones (hereafter Jones) at all times material to this action was the Deputy Director of the New Mexico Law Enforcement Academy. At all times material to this action Jack Jones was a direct supervisor of Plaintiff Phillip Gallegos.

9.     Defendant, Mark Shea (hereafter Shea) at all times material to this action was the Advanced Bureau Chief of the New Mexico Law Enforcement Academy. At all times material to this action Mark Shea was a direct supervisor of Plaintiff Phillip Gallegos.

10.     Defendant William Hubbard (hereafter Hubbard) at all times material to this action was the Interim Director of the New Mexico Law Enforcement Academy. At all times material to this action William Hubbard was a direct supervisor of Plaintiff Phillip Gallegos.

## III.    FACTUAL BACKGROUND

11.     Paragraphs 1 through 10 above are incorporated herein as if set forth at length.

12.     Plaintiff Phillip Gallegos was hired as Bureau Chief of the Basic Policy Officer training Bureau on May 14, 2011.

13.     Plaintiff Phillip Gallegos was commissioned as a Special Investigations Division Agent by Secretary Gordon Eden on September 25, 2011.

14.     On February 13, 2012 Plaintiff Gallegos submitted a letter of recommendations to Interim Director Bill Hubbard, per Hubbard's request, that would assist the Law Enforcement Academy. Upon submission of this letter, Interim Director Hubbard asked Plaintiff Gallegos: "Do you realize you are a probationary employee and can be dismissed without cause?" Interim

3

Director Hubbard also told Plaintiff Gallegos that his submission of the letter showed a lack of confidence in the DPS leadership.

15.     In February of 2012, Plaintiff Gallegos ordered an evacuation of the LEA dormitories after discovering a heavy gas odor was present. Santa Fe Fire was called and they arrived and vented the dormitory. It was later discovered a gas valve would purge gas when pressure reached a certain level. Gallegos and the LEA Instructors raised additional concerns about the water and HVAC system of the dormitories.

16.     On February 22, 2012 LEA Instructor Anthony L. Maxwell, Jr. submitted a report to Plaintiff Phillip Gallegos titled "Emergency Shelter in Place Event". This report detailed deficiencies at LEA. Plaintiff Phillip Gallegos forwarded this report to his supervisors and concurred in the recommendations in the report.

17.     In February of 2012, LEA Director Medina ordered several Academy instructors, to begin an inventory of the Law Enforcement Academy firearms, including handguns, shotguns, and semi-automatic rifles. The instructors quickly determined that many firearms were either missing or not present. It was also discovered that many of the firearms that were located were not listed on any known inventories.

18.     Additional inventories conducted by the Academy instructors revealed other problems and deficiencies involving the Academy vehicles, gas cards, computer equipment and supplies.

19.     The Academy instructors made these issues known to Plaintiff Gallegos and the other Defendants.

20.     On March 21, 2012 numerous weapons were found fully loaded in both Defendant Mark Shea's office and the office of a prior Advanced Bureau Instructor. These

4

weapons were taken by Academy instructors and secured in the Law Enforcement Academy vault.

21.     Shortly after this incident the Academy instructors are ordered to cease any and all inquiries into the inventory of the Law Enforcement Academy firearms and to stop all investigations as to possible missing or stolen weapons. Plaintiff Phillip Gallegos was told that the order to cease the firearms inventory and investigation came from Defendant Eden.

22.     Defendant Eden informed Plaintiff Phillip Gallegos that he was not surprised by their findings since when Eden was an instructor at LEA, several gun manufacturers gave the instructors firearms. Eden stated that these firearms were never put on the inventory lists and that many of the instructors took the firearms home.

23.     Plaintiff Phillip Gallegos supported the Academy instructors in their continued inventory and investigation of the LEA firearms.

24.     Plaintiff Phillip Gallegos and the other Academy instructors were instructed not to discuss the firearms inventory and possibly missing and/or stolen weapons with anyone outside the Law Enforcement Academy.

25.     Subsequently in December 2012, Plaintiff Phillip Gallegos received a phone call from Fairbanks, Alaska PD and was notified that the Fairbanks Alaska PD had a handgun in their possession that was registered to NM DPS.

26.     Plaintiff Phillip Gallegos made this fact know to Defendant and was told not to discuss it.

27.     On May 8, 2012, Academy instructor Anthony Maxwell became seriously ill and was hospitalized after eating at the Academy cafeteria.

28.     On May 12, Academy instructor Curt Voiles contacted the New Mexico State Health Department, on behalf of instructor Anthony Maxwell, and the Academy cafeteria was ordered shut down for various violations of the health code.

29.     Following these incidents the Academy instructors are told they were no longer allowed to stay in the Academy dormitories or eat at the Academy cafeteria for free.

30.     Plaintiff Phillip Gallegos supported the Academy instructors in their keeping the continued employment benefits of staying in the Academy dormitories and eating at the Academy cafeteria.

31.     In June of 2012, Plaintiff Phillip Gallegos notified Defendant Louis Medina that the permanent file of Agent Voiles was missing from the fie room.  Plaintiff Phillip Gallegos subsequently conducted a complete inventory of the file room and submitted a written report to Defendant Medina regarding several permanent files that were missing as well as requesting an investigation into Agent Voiles' missing file.

32.     On September 17, 2012, Plaintiff Phillip Gallegos submitted a 15 page detailed report entitled "Report and Recommendations RE: NMLEA" which detailed deficiencies and concerns at the New Mexico Law Enforcement Academy.

33.     On October 11, 2012, Plaintiff Phillip Gallegos forwarded an 8 page memorandum authored by DPS Agent and LEA instructor Curt Voiles to Defendant Louis Medina.   The memorandum subject was "Hostile Work Environment, Workplace Stress, Unaccountability of State Resources, Breach of Contract".   The memorandum was forwarded to Defendant Louis Medina with the full support of Plaintiff Phillip Gallegos.

34.     In January of 2013, Defendant Jones, during a meeting with LEA instructors, stated that "Maxwell is to shut his trap."  The other LEA instructors were told that "any other

6

instructors who join him (Maxwell) will be brought up on charges of malicious inventory prosecution." Plaintiff Phillip Gallegos was present at this meeting

35.     At this same meeting Plaintiff Phillip Gallegos and the other instructors were threatened with termination if they associated with Anthony Maxwell.   Additionally, the instructors were told that if they associated with Anthony Maxwell they would never work in New Mexico as a law enforcement officers again.

36.     Plaintiff Phillip Gallegos continued to associate with Anthony Maxwell and continued to support the other Academy instructors in their issues with LEA.

37.     In January of 2013, Plaintiff Phillip Gallegos was informed by Defendant Jones that Internal Affairs needed to speak to him on January 18 regarding instructors staying in the dormitories after being told they could not.  Defendant Jones told Plaintiff Gallegos how he should answer questions during this interview.  Plaintiff Phillip Gallegos did not follow the instructions provided by Defendant Jones.

38.     On January 18, 2013, Plaintiff Phillip Gallegos was interviewed by Scott Weaver, NMSP Internal Affairs.  In February of 2013, Plaintiff Gallegos and two other LEA Instructors were given written reprimands for "Sleeping in the dormitories and eating in the dining facility". Plaintiff Gallegos responded to the erroneous accusations in writing.

39.     In January, 2013, Administrative Assistants Erica Esquibel and Michelle Himbarger reported to Plaintiff Phillip Gallegos that Defendant Jones told them he wanted them to alter notarized documents.  Plaintiff Phillip Gallegos addressed this issue with Defendant Jones and Jones told Plaintiff Phillip Gallegos that too many agencies were complaining to headquarters about the required documents.  Plaintiff Phillip Gallegos told Defendant Jones he would not alter any notarized documents.

7

40.    In January, 2013 Defendant Jones told Plaintiff Gallegos the staff would have to start "Teaching the Test" to the police cadets.

41.    On January 31, 2013, Plaintiff Gallegos provided a written recommendation for disciplinary action against two police cadets when it was reported a female cadet had been discovered in one of the male cadets' dormitory rooms. One of the cadets was the son of Defendant Mooney. Defendant Jones later informed Plaintiff Gallegos that "Headquarters" had decided that the discipline for the two police cadets would only be a verbal discussion.

42.    On February 11, 2013, Plaintiff Gallegos submitted a written response to Defendants stating he would not alter notarized documents and he would not teach the test.

43.    On February 13, 2013, Defendant Jones held a meeting with the LEA Staff and ordered Plaintiff Gallegos to rescind his letter. Plaintiff Gallegos refused to rescind the letter.

44.    On February 14, 2013, Defendants Jones and Medina informed Plaintiff Gallegos that "he was not working out and would be moved out of the basic bureau".

45.    In May of 2013, Plaintiff Gallegos, who had sought employment outside of DPS was informed by a perspective employer that they were told by DPS that there were moral and ethical behavior issues with him and therefore could not look at him as a perspective employee.

46.    Some time prior to June 6, 2013, Plaintiff Phillip Gallegos was placed under investigation by DPS without being given notice as required by state statute.

47.    On June 11, 2013 Plaintiff Phillip Gallegos was provided with a Notice of Investigation which covered alleged incidents beginning in June of 2012 and covering a period of over one year.

48.    The Notice of Investigation did not contain the names of all known complainants and was vague as to many of the allegation of misconduct, in violation of state statute.

8

49.     On June 11, 2013 Plaintiff Phillip Gallegos was forced to give a compelled employee statement which lasted over two hour and forty minutes, again in violation of state statute.

50.     On or about June 25, 2013, Plaintiff Phillip Gallegos was issued a Notice of Contemplated Action, dated June 17, 2013.

51.     On or about July 8, 2013, Plaintiff Phillip Gallegos submitted a written response to the Notice of Contemplated Action, dated July 5, 2013.

52.     On or about July 11, 2013, Phillip Gallegos received the Notice of Final Action – Termination, via hand-delivery, without Defendants complying with state statutes.

53.     Defendant Jones subsequently told the LEA instructors that Plaintiff Phillip Gallegos was terminated for unprofessional behavior and lying about the Academy.

## COUNT 1 – VIOLATION OF WHISTLEBLOWER PROTECTION ACT

54.     Paragraphs 1 through 53 are incorporated herein as if set forth at length.

55.     Plaintiff Phillip Gallegos, during his employment with Defendant, LEA, reported, and made known, or supported Academy instructors who reported and made known numerous problems, irregularities, improper and possibly illegal activities, as detailed above, with the operation and procedures at the LEA.

56.     As a result of Plaintiff Phillip Gallegos reporting these issues he was intentionally retaliated against by Defendants Eder, Mooney, Medina, Jones and Shea.

57.     The retaliation included, but was not limited to, being threatened with loss of his job, having privileges and benefits taken away, and having his constitutional rights violated.

9

58.     All Defendants were prohibited from retaliatory actions against Plaintiff Phillip Gallegos' disclosure of the above detailed problems pursuant to NMSA 10-16C-1 et.seq.

59.     Defendants State of New Mexico Department of Public Safety and State of New Mexico Law Enforcement Academy are directly and/or vicariously liable to Plaintiff for the actions of Defendants Eden, Mooney, Medina, Jones and Shea's acts or omissions under the doctrine of *respondeat superior*.

60.     As a direct and proximate result of the actions of all Defendants, Plaintiff Phillip Gallegos suffered and continues to suffer compensatory damages and emotional distress.

WHEREFORE, Plaintiff Phillip Gallegos demands judgment in his favor and against all Defendants, jointly and/or severely, and an award for compensatory damages together with costs of suit and attorney's fees, and such other relief as may be just and proper under the circumstances of this case.

## COUNT 2 – CONSPIRACY – ALL DEFENDANT

61.     Paragraphs 1 through 60 are incorporated herein as if set forth at length.

62.     Defendants Eden, Mooney, Medina, Jones and Shea conspired and undertook actions in furtherance thereof to retaliate against Plaintiff Phillip Gallegos in violation of the Whistleblower Protection Act.

63.     Defendants State of New Mexico Department of Public Safety and State of New Mexico Law Enforcement Academy are directly and/or vicariously liable to Plaintiff for the actions of Defendants Eden, Mooney, Medina, Jones and Shea's acts or omissions under the doctrine of *respondeat superior*.

64.     As a direct and proximate result of the actions of all Defendants, Plaintiff Phillip Gallegos suffered and continues to suffer compensatory damages and emotional distress.

WHEREFORE, Plaintiff Phillip Gallegos demands judgment in his favor and against all Defendants, jointly and/or severely, and an award for compensatory damages together with costs of suit and attorney's fees, and such other relief as may be just and proper under the circumstances of this case.

## COUNT 3 – DEPRIVATION OF CONSTITUTIONAL RIGHTS

65.     Paragraphs 1 through 64 are incorporated herein as if set forth at length.

66.     Plaintiff Phillip Gallegos was repeatedly told that he could not discuss the above listed LEA issues with anyone outside of the New Mexico Department of Public Safety or he would be fired.

67.     Plaintiff Phillip Gallegos was prohibited from openly associating with Anthony Maxwell following his termination.

68.     Defendants State of New Mexico Department of Public Safety and State of New Mexico Law Enforcement Academy are directly and/or vicariously liable to Plaintiff for the actions of Defendants Eden, Mooney, Medina, Jones and Shea's acts or omissions under the doctrine of *respondeat superior*.

69.     As a direct and proximate result of the actions of all Defendants, Plaintiff Phillip Gallegos suffered and continues to suffer compensatory damages and emotional distress.

WHEREFORE, Plaintiff Phillip Gallegos demands judgment in his favor and against all Defendants, jointly and/or severely, and an award for compensatory damages together with costs of suit and attorney's fees, and such other relief as may be just and proper under the circumstances of this case.

11

## COUNT 4 – DEFAMATION – ALL DEFENDANTS

70.     Paragraphs 1 through 69 are incorporated herein as if set forth at length.

71.     Defendants' statements that Plaintiff Phillip Gallegos was terminated for unprofessional behavior and lying about the Academy were concerning Phillip Gallegos.

72.     Defendants' statements were made to the other Law Enforcement Academy instructors.

73.     Defendants' statements were false and exposed Plaintiff Phillip Gallegos to contempt, harmed his reputation and/or discouraged others from associating or dealing with him.

74.     Defendants' statements were negligently made and conveyed its meaning to the other instructors of the Law Enforcement Academy.

75.     As a direct and proximate result of Defendants' statements, Plaintiff Phillip Gallegos, has suffered injuries and damages including, but not limited to the following:

    a.      Out of pocket expenses for legal fees;

    b.      Harm to plaintiff's good name and character among his friends, neighbors and acquaintances;

    c.      Harm to plaintiff's good standing in the community;

    d.      Personal humiliation;

    e.      Decreased social activities and loss of life's pleasures; and,

    f.      Mental anguish and suffering;

WHEREFORE, Plaintiff Phillip Gallegos demands judgment in his favor and against all Defendants, and an award for compensatory damages and punitive damages together with costs of suit and attorney's fees, and such other relief as may be just and proper under the circumstances of this case.

## COUNT 5 – INFLICTION OF EMOTIONAL DISTRESS

76.     Paragraphs 1 through 75 above are incorporated herein as if set forth at length.

77.     The actions of all Defendants, as detailed above and incorporated herein by reference were intentional, extreme and outrageous under the circumstances, and were beyond the bounds of common decency and is atrocious and intolerable to the ordinary person.

78.     The intentional actions pursued by Defendants, as detailed above and incorporated herein by reference, caused Plaintiff Phillip Gallegos to suffer sever emotional distress, including but not limited to, public ridicule, degradation, anxiety, embarrassment, loss of sleep, fear for his personal safety, and loss of standing within the community.

79.     The damages detailed above were the direct and proximate result of the intentional actions of Defendants.

WHEREFORE, Plaintiff Phillip Gallegos demands judgment in his favor and against all Defendants, and an award for compensatory damages together with costs of suit and attorney's fees, and such other relief as may be just and proper under the circumstances of this case.

## COUNT 6 - NEGLIGENT HIRING, TRAINING AND SUPERVISION

80.     Paragraphs 1 through 79 are incorporated herein as if set forth at length.

81.     Defendants State of New Mexico Department of Public Safety and State of New Mexico Law Enforcement Academy through its public employees, negligently caused damages against Plaintiff due to their negligent hiring, training, and supervision of Defendants Eden, Mooney, Medina, Jones and Shea.

82.     Defendants Eden, Mooney, Medina, Jones and Shea were not properly supervised through the course of the retaliation against and ultimate termination of Plaintiff Phillip Gallegos.

83.     Defendants State of New Mexico Department of Public Safety and State of New Mexico Law Enforcement Academy are directly and/or vicariously liable to Plaintiff for the actions of Defendants Eden, Mooney, Medina, Jones and Shea's acts or omissions under the doctrine of *respondeat superior*.

84.     As a direct and proximate result of the actions of all Defendants, Plaintiff Phillip Gallegos suffered and continues to suffer compensatory damages and emotional distress.

WHEREFORE, Plaintiff Phillip Gallegos demands judgment in his favor and against all Defendants, jointly and/or severely, and an award for compensatory damages together with costs of suit and attorney's fees, and such other relief as may be just and proper under the circumstances of this case.

Respectfully submitted

Electronically Signed
\S\ Joseph E. CampBell, Esq.

JOSEPH E. CAMPBELL
Attorney for Plaintiff Phillip Gallegos
3 George Court Suite C2
Edgewood, New Mexico 87015
(505) 286-7800
Fax (505) 286-2411

14

# ISSUED

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/9/2014 9:00:25 AM
STEPHEN T. PACHECO

4-206. Summons.

MRN

## SUMMONS

| | |
|---|---|
| FIRST JUDICIAL DISTRICT COURT<br>COUNTY OF SANTA FE<br>STATE OF NEW MEXICO | Case Number: D-101-CV-2014-00835<br><br>Assigned Judge: Sarah M. Singleton |
| PHILLIP GALLEGOS<br>v.<br><br>STATE OF NEW MEXICO DEPARTMENT<br>OF PUBLIC SAFETY; et. al. | New Mexico Department of Public<br>Safety<br>4491 Cerrillos Rd<br>Santa Fe, NM 87507 |

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1.    A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.    You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.    You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.    If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.    You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.    If you need an interpreter, you must ask for one in writing.

7.    You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 9th day of April, 2014.



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: Maureen Lujan
Deputy

Electronically signed
/s/ Joseph E. CampBell

_____

JOSEPH E. CAMPBELL, ESQUIRE
3 George Ct., Ste. C2
Edgewood, NM 87015
(505) 286-7800  Fax (505) 286-2411

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO )
                    )ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

### (check one box and fill in appropriate blanks)

[ ]    to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]    to _____, an agent authorized to receive service of process for defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]    to _____ (*name of person*), _____ (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____

Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

    1.     Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

    2.     If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

# ISSUED

**4-206. Summons.**

MRN

| SUMMONS | |
|---|---|
| FIRST JUDICIAL DISTRICT COURT<br>COUNTY OF SANTA FE<br>STATE OF NEW MEXICO | Case Number: D-101-CV-2014-00835<br><br>Assigned Judge: Sarah M. Singleton |
| PHILLIP GALLEGOS<br>v.<br><br>STATE OF NEW MEXICO DEPARTMENT<br>OF PUBLIC SAFETY; et. al. | Gordon Eden<br>P.O Box 1293<br>One Civic Plaza Rm 7057<br>Albuquerque, NM 87103 |

## TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1.      A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.      You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.      You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 9th day of April, 2014.



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _____
        Deputy

Electronically signed
/s/ Joseph E. CampBell

_____

JOSEPH E. CAMPBELL, ESQUIRE
3 George Ct., Ste. C2
Edgewood, NM 87015
(505) 286-7800   Fax (505) 286-2411

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO )
                     )ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]  to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]  to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]  to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____ (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]  to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]  to _____, an agent authorized to receive service of process for defendant _____.

[ ]  to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]  to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____

Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

1.     Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.     If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

# ISSUED

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/9/2014 9:00:25 AM
STEPHEN T. PACHECO
MRN

**4-206. Summons.**

| **SUMMONS** | |
|---|---|
| FIRST JUDICIAL DISTRICT COURT COUNTY OF SANTA FE STATE OF NEW MEXICO | Case Number: D-101-CV-2014-00835  Assigned Judge: Sarah M. Singleton |
| PHILLIP GALLEGOS v. STATE OF NEW MEXICO DEPARTMENT OF PUBLIC SAFETY; et. al. | Jack Jones 4491 Cerrillos Rd Santa Fe, NM 87507 |

**TO THE ABOVE NAMED DEFENDANT(S)**: Take notice that

1.     A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.     You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.     You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.     You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.     If you need an interpreter, you must ask for one in writing.

7.     You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 9th day of April, 2014.



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: Maureen Naranjo
Deputy

Electronically signed
/s/ Joseph E. CampBell

JOSEPH E. CAMPBELL, ESQUIRE
3 George Ct., Ste. C2
Edgewood, NM  87015
(505) 286-7800   Fax (505) 286-2411

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN[1]**

STATE OF NEW MEXICO )
                     )ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]    to _____, an agent authorized to receive service of process for defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]    to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____

Signature of person making service

_____

Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____

Judge, notary or other officer
authorized to administer oaths

_____

Official title

## USE NOTE

1.  Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.  If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

**ISSUED**

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/9/2014 9:00:25 AM
STEPHEN T. PACHECO

**4-206. Summons.**

| SUMMONS | MRN |
|---|---|
| FIRST JUDICIAL DISTRICT COURT COUNTY OF SANTA FE STATE OF NEW MEXICO | Case Number: D-101-CV-2014-00835 <br><br> Assigned Judge: Sarah M. Singleton |
| PHILLIP GALLEGOS <br> v. <br><br> STATE OF NEW MEXICO DEPARTMENT OF PUBLIC SAFETY; et. al. | New Mexico Law Enforcement Academy <br> 4491 Cerrillos Rd <br> Santa Fe, NM 87507 |

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1.  A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.  You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.  You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.  If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.  You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.  If you need an interpreter, you must ask for one in writing.

7.  You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 9th day of April, 2014.



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _____
Deputy

Electronically signed
/s/ Joseph E. CampBell

_____
JOSEPH E. CAMPBELL, ESQUIRE
3 George Ct., Ste. C2
Edgewood, NM 87015
(505) 286-7800 Fax (505) 286-2411

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO )
                        )ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address).*

[ ]    to _____, an agent authorized to receive service of process for defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ *(used when defendant is a minor or an incompetent person).*

[ ]    to _____ *(name of person)*, _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

Fees: _____

_____

Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____[2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

     1.     Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

     2.     If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

# ISSUED

**4-206. Summons.**

| **SUMMONS** | MRN |
|---|---|
| FIRST JUDICIAL DISTRICT COURT<br>COUNTY OF SANTA FE<br>STATE OF NEW MEXICO | Case Number: D-101-CV-2014-00835<br><br>Assigned Judge: Sarah M. Singleton |
| PHILLIP GALLEGOS<br>v.<br><br>STATE OF NEW MEXICO DEPARTMENT<br>OF PUBLIC SAFETY; et. al. | Louis Medina<br>4491 Cerrillos Rd<br>Santa Fe, NM 87507 |

## TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1.    A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.    You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.    You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.    If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.    You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.    If you need an interpreter, you must ask for one in writing.

7.    You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 9th day of April, 2014.



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: Maureen Naranjo
Deputy

Electronically signed
/s/ Joseph E. CampBell

JOSEPH E. CAMPBELL, ESQUIRE
3 George Ct., Ste. C2
Edgewood, NM 87015
(505) 286-7800   Fax (505) 286-2411

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO )
                         )ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

### (check one box and fill in appropriate blanks)

[ ]    to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service)*.

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address)*.

[ ]    to _____, an agent authorized to receive service of process for defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ *(used when defendant is a minor or an incompetent person)*.

[ ]    to _____ *(name of person)*, _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision)*.

Fees: _____

_____

Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

# ISSUED

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/9/2014 9:00:25 AM
STEPHEN T. PACHECO
MRN

**4-206. Summons.**

## SUMMONS

| | |
|---|---|
| FIRST JUDICIAL DISTRICT COURT<br>COUNTY OF SANTA FE<br>STATE OF NEW MEXICO | Case Number: D-101-CV-2014-00835<br><br>Assigned Judge: Sarah M. Singleton |
| PHILLIP GALLEGOS<br>v.<br><br>STATE OF NEW MEXICO DEPARTMENT<br>OF PUBLIC SAFETY; et. al. | Mark Shea<br>4491 Cerrillos Rd<br>Santa Fe, NM 87507 |

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1.     A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.     You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.     You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.     You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.     If you need an interpreter, you must ask for one in writing.

7.     You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 9th day of April, 2014.



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: Maureen Lujan
Deputy

Electronically signed
/s/ Joseph E. CampBell

_____

JOSEPH E. CAMPBELL, ESQUIRE
3 George Ct., Ste. C2
Edgewood, NM 87015
(505) 286-7800  Fax (505) 286-2411

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO )
                  )ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]    to _____, an agent authorized to receive service of process for defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]    to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____

Signature of person making service

_____

Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____

Judge, notary or other officer
authorized to administer oaths

_____

Official title

## USE NOTE

    1.     Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

    2.     If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

# ISSUED

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/9/2014 9:00:25 AM
STEPHEN T. PACHECO

4-206. Summons.

MRN

| **SUMMONS** | |
|---|---|
| FIRST JUDICIAL DISTRICT COURT COUNTY OF SANTA FE STATE OF NEW MEXICO | Case Number: D-101-CV-2014-00835 Assigned Judge: Sarah M. Singleton |
| PHILLIP GALLEGOS v. STATE OF NEW MEXICO DEPARTMENT OF PUBLIC SAFETY; et. al. | Patrick Mooney 4491 Cerrillos Rd Santa Fe, NM 87507 |

## TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1.     A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.     You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.     You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.     You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.     If you need an interpreter, you must ask for one in writing.

7.     You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 9th day of April, 2014.



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _Maureen Larañic_
Deputy

Electronically signed
/s/ Joseph E. CampBell

_____
JOSEPH E. CAMPBELL, ESQUIRE
3 George Ct., Ste. C2
Edgewood, NM 87015
(505) 286-7800  Fax (505) 286-2411

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO   )
                      )ss
COUNTY OF _____  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]   to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]   to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]   to _____, an agent authorized to receive service of process for defendant _____.

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]   to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____

Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]


_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

      1.     Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

      2.     If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

# ISSUED

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/9/2014 9:00:25 AM
STEPHEN T. PACHECO

**4-206. Summons.**

|  |  |
|---|---|
| **SUMMONS** | MRN |

| | |
|---|---|
| FIRST JUDICIAL DISTRICT COURT<br>COUNTY OF SANTA FE<br>STATE OF NEW MEXICO | Case Number: D-101-CV-2014-00835<br><br>Assigned Judge: Sarah M. Singleton |
| PHILLIP GALLEGOS<br>v.<br><br>STATE OF NEW MEXICO DEPARTMENT<br>OF PUBLIC SAFETY; et. al. | Risk Management Division<br>Joseph Montoya Bldg.<br>1100 St. Francis Dr., Rm 2073<br>Santa Fe, NM 87502 |

## TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6. If you need an interpreter, you must ask for one in writing.

7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 9th day of April, 2014.



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _Maricela Lucero_
    Deputy

Electronically signed
/s/ Joseph E. CampBell

_____
JOSEPH E. CAMPBELL, ESQUIRE
3 George Ct., Ste. C2
Edgewood, NM 87015
(505) 286-7800   Fax (505) 286-2411

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO )
                )ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

### (check one box and fill in appropriate blanks)

[ ]     to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]     to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]     to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]     to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]     to _____, an agent authorized to receive service of process for defendant _____.

[ ]     to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]     to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____

Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]


_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

    1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

    2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

# ISSUED

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/9/2014 9:00:25 AM
STEPHEN T. PACHECO

**4-206. Summons.**

MRN

## SUMMONS

| | |
|---|---|
| FIRST JUDICIAL DISTRICT COURT<br>COUNTY OF SANTA FE<br>STATE OF NEW MEXICO | Case Number: D-101-CV-2014-00835<br><br>Assigned Judge: Sarah M. Singleton |
| PHILLIP GALLEGOS<br>v.<br><br>STATE OF NEW MEXICO DEPARTMENT<br>OF PUBLIC SAFETY; et. al. | William Hubbard<br>Bosque Farms Police Department<br>P.O. Box 660<br>Peralta, NM 87042 |

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1.     A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.     You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.     You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.     You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.     If you need an interpreter, you must ask for one in writing.

7.     You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 9th day of April, 2014.



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: Maureen Larranic
Deputy

Electronically signed
/s/ Joseph E. CampBell

JOSEPH E. CAMPBELL, ESQUIRE
3 George Ct., Ste. C2
Edgewood, NM 87015
(505) 286-7800  Fax (505) 286-2411

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO )
                 )ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]    to _____, an agent authorized to receive service of process for defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]    to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____

Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

1.     Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.     If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Phillip Gallegos

**(b)** County of Residence of First Listed Plaintiff    Santa Fe
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph E. Campbell
3 George Court Ste C2
Edgewood, NM 87015 (505) 286-7800

### DEFENDANTS
State of New Mexico Dep't. Public Safety, State of New Mexico Law Enforcement Academy, Gorden E. Eden, Jr., Patrick Mooney, Louis Medina, Jack Jones, Mark Shea and William Hubbard

County of Residence of First Listed Defendant    Santa Fe
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Miller Stratvert P.A., Luke A. Salganek and Cody R. Rogers, P.O. Box 1986 Santa Fe, New Mexico  87504-1986 (505) 989-9614

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
        *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original Proceeding

☒ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from Another District *(specify)*

☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. Sections 1441(b), 1446(a)
Brief description of cause:
42 U.S.C. Section 1983

## VII. REQUESTED IN COMPLAINT:
☐  CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
05/13/2014

SIGNATURE OF ATTORNEY OF RECORD
/s/ Luke A. Salganek

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

"EXHIBIT B"

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.